Marco Vitelio **GARCIA,** Petitioner,

v.

Peter D. **KEISLER,*** Acting Attorney General, Respondent.

No. 05–75838.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 27, 2007.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Esq., William C. Peachey, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Marco Vitelio Garcia, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Ap-

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

peals ("BIA") affirming an immigration judge's ("IJ") decision denying his application for relief under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"). To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review claims of constitutional violations de novo, *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's determination that Garcia did not establish eligibility for NACARA relief. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, § 309(c)(5)(C)(ii), Pub.L. No. 104–208 ("A determination by the Attorney General as to whether an alien satisfies the requirements of clause (i) is final and shall not be subject to review by any court"), *as amended by* NACARA, Pub.L. No. 105–100 (1997) (found at 8 U.S.C. 1101 note).

Garcia's contention that the IJ violated due process by preventing him from applying for cancellation of removal is not supported by the record.

We are not persuaded by Garcia's contentions regarding the adequacy of the BIA's order adopting and affirming the IJ's decision and adding its own reasoning. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

---

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.